NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
GRIEG MOORE,                         :
                                     :
        Plaintiff,                   :
                                     :    Civil Action No. 06-6097 (JAP)
    v.                               :
                                     :
BLOCKBUSTER, INC., et al.,           :    **OPINION**
                                     :
        Defendant.                   :
_____:

      Presently before the Court are Plaintiff Grieg Moore's Motions for Reconsideration of this Court's Order dated March 31, 2009 [Docket Entry No. 45] and to File a Responsive Statement of Facts to Defendant's 56.1 Statement [Docket Entry No. 46]. Also before the Court is Defendant Blockbuster, Inc.'s ("Blockbuster") motion to strike Plaintiff's Reply Brief [Docket Entry No. 50]. For the reasons stated below, all three motions are denied.

**I.    Background**

      A detailed history of the factual background of this case is set forth in this Court's March 31, 2009 Opinion (the "March 31 Opinion"). Both parties filed motions for summary judgment in August 2008. In the March 31 Opinion and Order, this Court awarded summary judgment to Blockbuster finding that Blockbuster had sufficient cause under § 4316(c) to the Uniformed Services Employment and Reemployment Rights Act ("USERRA") to terminate Moore's employment at the time and in the fashion it did because Blockbuster acted reasonably. The Court denied Moore's motion, finding as a matter of law that Blockbuster had cause to terminate Moore. Moore thereafter filed the instant Motions for Reconsideration of the March 31 Opinion and Order and to File a Responsive Statement of Facts to Blockbuster's 56.1 Statement. In

response to Moore's filing of a reply brief in connection with the reconsideration motion, Blockbuster filed a motion to Strike Moore's Reply Brief or to file a Sur-reply Brief.

**II.     Discussion**

      **A.     Motion to File a Responsive Statement of Facts Out of Time**

The Court, in its discretion pursuant to Federal Rule of Civil Procedure 6(b)(1(B), denies Plaintiff's application to submit a Responsive Statement of Facts (the "Proposed Response") to the 56.1 Statement that Blockbuster filed in connection with its summary judgment motion. First, Plaintiff submitted an opposition to Blockbuster's 56.1 Statement. (*See* Docket Entry No. 28-2.) Plaintiff's failure to submit a more comprehensive responsive statement does not now entitle him to file a "better" response after receiving an adverse ruling from this Court. Second, in addition to the opposition to Blockbuster's 56.1 Statement, Plaintiff also submitted his own 56.1 Statement in connection with his summary judgment motion. (*See* Docket Entry No. 24-2.) As the Court noted in a footnote, "facts in Defendant's 56.1 Statement *that are not rebutted* by Moore's 56.1 Statement for his summary judgment motion are deemed admitted." (Mar. 31 Op. at 2 n.1 (emphasis supplied).) As Plaintiff has argued that the proposed Response contains no new facts from those already before the Court, and the Court did not deem contested facts admitted, there is simply no purpose served by having Plaintiff file yet another factual recitation that will have no substantive impact. Finally, the Court has reviewed the Proposed Response and finds that its contents do not affect this Court's summary judgment decision or the motion for reconsideration presently under review. Accordingly, Plaintiff's motion to file the Proposed Response is denied.

      **B.     Motion to Strike Plaintiff's Reply Brief**

Blockbuster moves this Court to strike the Reply Brief [Docket Entry No. 49] that Moore submitted in connection with his Motion for Reconsideration because Moore failed to obtain this Court's permission, as provided in Local Rule 7.1(d)(3). Alternatively, Blockbuster seeks leave to file a sur-reply brief in order to provide Blockbuster "an opportunity to respond to Plaintiff's arguments." (*See* Docket Entry No. 50.)

A district court may in its discretion consider a reply brief filed without permission. *See, e.g., Altay v. Tagayun*, 2006 U.S. Dist. LEXIS 93579 (D.N.J. Dec. 26, 2006). The Court has considered Moore's Reply Brief in connection with his Motion for Reconsideration, and because the Court denies that motion for the reasons stated below, there is no need for Blockbuster to file a sur-reply. Accordingly, Blockbuster's motion is denied.

### C. Motion for Reconsideration

#### 1. Standard of Review

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

### 2. Analysis

Presently, Plaintiff invokes the third ground listed above in moving for reconsideration of the Court's March 31, 2009 Order: "the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co.*, *supra*, 52 F.3d at 1218. Specifically, Moore argues that the Court's award of summary judgment was "plain error" because the Court "overlooked several critical facts and made manifest errors with respect to other facts" and thus, should not have deemed Moore's termination "reasonable." (Pl.'s Br. 3.) Moore alleges that the Court overlooked the following facts, all of Moore contends create issues of material fact as to the reasonableness of Blockbuster's conduct in terminating Moore on January 3, 2006, the day he returned from a military leave:

- That Mary Beth Short, a member of Blockbuster's Human Resources Department, informed Moore in an August 26, 2005 email that Plaintiff would have to relocate within two weeks after returning to work from the most recent military leave.

- That Moore did not see Ms. Short's email dated December 8, 2005, which instructed him that he would need to have relocated by the date of his return to Blockbuster on January 3, until December 17 and therefore had only between December 17 and January 3 to relocate.

- That Moore was on vacation and military leave for the three weeks preceding the September 15, 2005 relocation deadline.

- That Moore did not believe that he had a job at Blockbuster for a three-week period, in November 2005.

- That the relocation company refused to work with Moore as of June 30, 2005 due to an error in the relocation company's system regarding the area he was relocating to.

4

In addition to the "oversights" alleged above, Moore also argues that the March 31 Opinion contained the following factual errors:

- That the Court itself manufactured a fourth relocation deadline of November 21, 2005 (i.e. that there were only four missed relocation deadlines instead of five).

- That the Court's Opinion stated that Cynthia Malizia, Blockbuster's Director of Loss Prevention, had given Moore the phone number for the relocation company even though Moore maintains that he was never given that number.

- That the Court's Opinion erroneously concluded that Moore was authorized to work with the relocation company as of June 14, 2005, when "the proper authorization process did not start until June 14th; it was not 'completed' on that date." (Pl.'s Br. 5.)

According to Moore, all of these overlooked facts or erroneous factual conclusions are critical to a factfinder's determination as to the reasonableness of Blockbuster's handling of Moore's termination. The Court disagrees and finds that Plaintiff fails to meet the standard for reconsideration because he has presented no new facts from those before the Court when it decided the summary judgment motions.

As Blockbuster recognizes in its brief, this Court's March 31 Opinion and Order were not based on a review of the facts in isolation, but rather was "predicated on the overall pattern – a pattern of repeated extensions and new deadlines." (Def.'s Br. Opp'n to Reconsideration at 5.) The Court did not overlook Blockbuster's August 26, 2005 communication with Moore in which Blockbuster stated that Moore would have to relocate within two weeks. Rather, this Court concluded that notwithstanding that email, Blockbuster's actions with regards to Moore's termination were reasonable based on Moore's repeated failure to relocate or to put forth any efforts towards relocation over a nine-month period. Similarly, Moore's argument that he did

not receive Ms. Short's December 8 email until December 17 was not overlooked. Rather, the Court found that Blockbuster's repeated instructions to Moore that he risked termination by delaying the relocation process, and Moore's admissions that he understood that risk, constituted the "fair notice" required under USERRA. The Court further notes that the issues raised regarding the September 15, 2005 and November 21, 2005 deadlines are without merit, as this Court did consider them when Moore argued this point unsuccessfully in connection with the summary judgment motions. Further, given Moore's apparent unwillingness to relocate as demonstrated by his repeated failure to do so despite taking several vacations during the relevant time period, whether November 21 was a formal deadline is simply immaterial. Moore's argument regarding his belief, in November 2005, that he was no longer a Blockbuster employee and thus made no efforts towards relocating during that time, was not overlooked by the Court but was instead rejected. As stated in the March 31 Opinion, "even if the Court overlooks Moore's inaction during the three week period, the undisputed facts demonstrate that Moore failed to relocate over a six-month period during which he requested and took two vacations. AS such conduct would provide cause for termination, the Court disregards Moore's excuse." (Mar. 31 Op. at 12 n.5.) The Court similarly disregards Moore's excuse in connection with his motion for reconsideration.

Finally, regarding the alleged facts related to the relocation company, Moore has set forth no new facts that change this Court's determination that, "the *only* concrete step Moore took towards relocation was faxing a relocation agreement. Moore rests on the delay with the relocation company as the sole reason for his failure to relocate, and neglects the possibility that he could have independently conducted [relocation] research." (Mar. 31 Op. at 13.) Moore's argument is similarly unavailing in connection with the instant motion.

## III.   Conclusion

For the reasons described above, Plaintiff Moore's Motions for Reconsideration and to File a Proposed Responsive Statement are denied, as is Defendant Blockbuster's motion to strike Plaintiff's Reply Brief.


Dated: September 14, 2009